**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-56556 |
| Plaintiff - Appellee, | D.C. Nos.  3:13-cv-03176-WQH |
| v. | 3:10-cr-02920-WQH-1 |
| JUAN CARLOS FLORES-ACUNA, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted January 7, 2016
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges and MOTZ,[**] Senior
District Judge.

Juan Carlos Flores-Acuna, a federal prisoner, appeals the district court's

denial of his 28 U.S.C. § 2255 motion, as well as the court's decision not to hold

an evidentiary hearing.  In December 2010, a federal jury convicted Flores-Acuna

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

of two drug offenses. After trial, a clinical and forensic psychologist evaluated Flores-Acuna and concluded that his low test results "would suggest that his intellectual functioning falls within the Mentally Retarded range," although "the question remains as to the exact nature of his intellectual abilities, and whether or not his functional skills [would] match those of mental retardation." Flores-Acuna asserts that his counsel was deficient for failing to investigate his intellectual ability before trial, and that he was prejudiced by counsel's failure to present evidence of his mental deficit to the jury.

We review the district court's denial of a § 2255 motion *de novo*, and the denial of an evidentiary hearing for abuse of discretion. *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). We review findings of fact made by the district court for clear error. *Id*. To prevail on an ineffective assistance claim, a habeas petitioner must show first that his attorney's performance "fell below an objective standard of reasonableness," and second that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, a petitioner must demonstrate a "reasonable probability" that the outcome of the proceeding would have been different. *Id*. at 694. A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome" of the case.

*Evans v. Lewis*, 855 F.2d 631, 636 (9th Cir. 1988) (quoting *Strickland*, 466 U.S. at 694). For him to succeed, "the likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Even assuming the performance of Flores-Acuna's trial counsel was deficient, there was no prejudice under *Strickland*. Flores-Acuna argues that because the sole disputed element at trial was his knowledge of the drugs in the truck he drove across the border, the lack of mental impairment evidence – evidence which Flores-Acuna asserts supports his claim that he did not know about the drugs – was prejudicial. This argument fails.

Evidence of Flores-Acuna's knowledge of the drugs was robust. The government presented evidence that Flores-Acuna was the registered owner, driver, and sole occupant of the truck in which the drugs were found; that a large quantity of drugs worth between $70,000 and $84,000 was found in a secret compartment of the truck; that he appeared nervous when questioned upon attempting to cross the border; and that at 3:04 A.M., while waiting in line at the port of entry, he made a fourteen-second call on a Boost cell phone – not his personal cell phone – registered in another name.

Moreover, beyond the strength of the government's evidence against Flores-

Acuna, the psychological evaluation he relies upon does not provide the refuge that he seeks. First, although the report did conclude that "[g]iven his intellectual resources, it is unlikely that [Flores-Acuna] would have been able to devise any sort of complex plan to traffic drugs or even distribute them," the alleged plan here was not complex: Flores-Acuna was merely driving hidden drugs in a truck across the border. Nothing in the report casts doubt on Flores-Acuna's ability to perform that straightforward task. Furthermore, although evidence of what the report called Flores-Acuna's "limited intellectual resources," could explain why he "had trouble understanding questions, remembering dates, time, names, and the sequence of events" and "why certain types of questions proved more difficult for him to answer," it would do little to blunt the strong physical and circumstantial evidence of Flores-Acuna's knowledge.

For these reasons, we conclude that it is not reasonably probable that, had the jury been presented with evidence from the psychological report, the outcome of the trial would have been different. Accordingly, even assuming trial counsel's performance was deficient, Flores-Acuna cannot establish the requisite prejudice under *Strickland*.

Finally, Flores-Acuna contends that the district court abused its discretion by

4

denying an evidentiary hearing on his claim. For the reasons discussed above, the district court's conclusion that Flores-Acuna did not state a claim for habeas relief and thus was not entitled to an evidentiary hearing was not an abuse of discretion. *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

The judgment of the district court is **AFFIRMED**.